IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **JULIA A. RATLIFF AND RAYLYN M. RATLIFF**, *Co-Administrators of the Estate of Cinthia K. Ratliff*<br><br>Plaintiffs<br><br>*vs.*<br><br>**BOSTON SCIENTIFIC CORPORATION**<br><br>Defendant | Case No. 2:15-cv-76<br><br>Judge<br><br><br><br>**COMPLAINT**<br>**(Jury Demand Endorsed Hereon)** |

Now come Plaintiffs Julia and Raylyn Ratliff, Co-Administrators of the Estate of Cinthia Ratliff, by and through counsel, and for their cause of action state the following:

**PARTIES, JURISDICTION, VENUE**

1. Plaintiffs Julia and Raylyn Ratliff, are duly appointed Co-Administrators of the Estate of Cinthia K. Ratliff aka Cindi K. Ratliff who died on May 3, 2013, said Plaintiffs having been appointed by the Probate Court of Perry County, Ohio, on June 26, 2013.

2. Defendant Boston Scientific Corporation is a Delaware Corporation, with its corporate headquarters located in Malborough, Massachusetts and which conducts business throughout the United States, including in the state of Ohio.

3. Boston Scientific Corporation designs, develops, produces, manufactures, assembles, markets, distributes, and sells medical devices across the country and in Ohio.

4. Jurisdiction exists against Defendant pursuant to 28 U.S.C. §1332, in that there is complete diversity of citizenship between Plaintiffs and Defendant, and the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs.

5. Venue is proper within the Southern District Eastern Division pursuant to U.S.C. §1391 in that jurisdiction is founded on diversity of citizenship and a substantial part of the events or omissions giving rise to the claim occurred within this District.

## FACTUAL ALLEGATIONS

6. Defendant Boston Scientific at all times relevant designed, developed, produced, manufactured, assembled, marketed, distributed, and sold a medical device known as the Greenfield Vena Cava Filter, a device implanted and utilized for the purposes of controlling pulmonary embolism.

7. In 2004, Decedent Cinthia K. Ratliff, then known as Cynthia K. Campbell, resided in East Fultonham, Muskingum County, Ohio.

8. In 2004, Decedent came under the medical care and attention of Dr. Jessica B. Campbell, a vascular surgeon, whose practice was located in Zanesville, Muskingum County, Ohio.

9. On April 20, 2004, Decedent was admitted to Genesis Healthcare System in Zanesville, Ohio with a diagnosis of deep vein thrombosis.

10. As part of her care and treatment for the deep vein thrombosis Decedent had a procedure performed on April 22, 2004, by Dr. Jessica Campbell during which a Boston Scientific Greenfield Vena Cava Filter was placed within her right inferior vena cava.

11. Upon information and belief the specific Greenfield Vena Cava Filter implanted by Dr. Campbell was a Boston Scientific Greenfield Vena Cava Filter Catalog Number 50-501, Lot Number 6407350.

12. Upon information and belief, the Boston Scientific Greenfield Filter implanted by Dr. Campbell was implanted and utilized in accordance with Defendant's specific instructions, guidelines, and directives.

13. On May 3, 2013, Decedent was working as a long-haul truck driver and traveled to Oregon.

14. Upon information and belief while resting at a rest area located on I-5 in the vicinity of Coburg, Oregon, Decedent suffered a medical emergency. Shortly thereafter she was pronounced dead by medics who had been called to the scene.

15. As a result of her death on May 3, 2013, an autopsy was performed by Dr. Larry Lewman of the office of the State Medical Examiner, Clackamas, Oregon. Dr. Lewman determined the immediate cause of death to be "Perforation of Inferior Vena Cava by Greenfield Filter with Retroperitoneal Hemorrhage."

16. Upon information and belief, on the day of and prior to the implantation of the Greenfield Vena Cava Filter within Decedent, Defendant knew or should have known that its Greenfield Vena Cava Filter when used as expected and intended, had the possibility breaking free from its implantation site, migrating, perforating the vena cava, and causing serious injury and/or death to patients, including Decedent Cinthia Ratliff.

17. Upon information and belief, Defendant Boston Scientific negligently, recklessly, wantonly, and carelessly failed to properly design and manufacture Greenfield Vena Cava Filter Catalog Number 50-501, Lot 6407350, implanted in Decedent.

18. Upon information and belief, Defendant's negligent reckless, wanton, and careless failure to notify patients, including Decedent Cinthia Ratliff of the defective nature of its Greenfield Vena Cava Filter, was the cause of the Decedent's death on May 3, 2013.

19. Upon information and belief, at the time of the implantation of the Greenfield Vena Cava Filter, the Defendant negligently, recklessly, wantonly, and carelessly failed to provide proper and adequate warnings to the potential users/recipients of the product, including Decedent, of the hazards associated with the filter, including, but not limited to failing to properly and adequately warn that a person might suffer personal injury as a result of implantation of the filter.

## COUNT ONE – PRODUCT LIABILITY

20. Plaintiffs Julia A. Ratliff and Raylyn M. Ratliff incorporate all of the above paragraphs of the Complaint as if fully rewritten herein.

21. Plaintiffs bring their claim for relief against Defendant Boston Scientific Corporation under Ohio's Product Liability Act, R.C. 2307.71, et seq. ("OPLA").

22. Defendant is the "manufacturer" of the Greenfield Vena Cava Filter because it is engaged in the business of designing, formulating, producing, creating, making, constructing, assembling or rebuilding the product.

23. In the alternative, the Defendant was a "supplier" of the Greenfield Vena Cava Filter because it sold, distributed, prepared, labeled or otherwise participated in the placing of the Greenfield Vena Cava Filter in the stream of commerce, where it repaired or maintained the aspect of the vena cava filter that caused harm.

24. The Defendant is liable for the Greenfield Vena Cava Filter's defective manufacture under R.C. 2307.74, defective design under R.C. 2307.75, inadequate warnings under R.C. 2307.76, and failure to conform to representations under R.C. 2307.77 pursuant to the OPLA.

25. The Greenfield Vena Cava Filter implanted in Decedent Cinthia Ratliff was not properly manufactured to withstand normal, foreseeable, and intended use for the care and treatment of deep vein thrombosis.

26. The defective aspects of the Greenfield Vena Cava Filter were the direct and proximate cause of the death of Cinthia Ratliff.

27. To the extent the Defendant is a "supplier" rather than a "manufacturer," it is liable as though it were a manufacturer because it altered, modified or failed to maintain the Greenfield Vena Cava Filter after it came into its possession, or it marketed the Greenfield Filter under its own label or trade name.

28. To the extent the Defendant is "supplier" rather than a "manufacturer," it is liable for its own negligence, which proximately caused death to Cinthia Ratliff, as well as the failure of the Greenfield Filter to conform to its representations of safety and the appropriate use of the Greenfield Filter, which proximately caused death to Cinthia Ratliff.

29. As a direct and proximate result of the Defendant's violations of the OPLA, Decedent sustained injuries of a personal, pecuniary, and permanent nature including, but not limited to, physical injuries, medical bills, pain and suffering, mental anguish, and ultimately death, and such other harms and losses as will be proven at trial. As such, Plaintiffs are therefore entitled to all remedies provided by the OPLA and according to Ohio common law, which are compensatory, punitive, attorney fees, costs, expenses, and interest

## COUNT TWO – WARRANTY

30. Plaintiffs Julia A. Ratliff and Raylyn M. Ratliff incorporate by reference all of the above allegations in the Complaint as if fully rewritten herein.

31. The Defendant expressly warranted that the Greenfield Filter was safe for ordinary and foreseeable use in patients like Decedent as a treatment for pulmonary embolism. In actuality, the Greenfield Filter was not safe for such use.

32. The Defendant also impliedly warranted that the Greenfield Filter was safe and fit for ordinary and foreseeable use as a treatment for pulmonary embolism. In actuality, the Greenfield Filter was not safe and fit for such use.

33. Decedent relied upon these express and implied warranties and the breach of these warranties was the direct and proximate cause of her death. As such, Plaintiffs are entitled to recover Ohio common law and other statutory enactments, in addition to the OPLA.

6

## COUNT THREE – STRICT LIABILITY

34. Plaintiffs Julia A. Ratliff and Raylyn M. Ratliff incorporate by reference all the above paragraphs in the Complaint as if fully rewritten herein.

35. When the Greenfield Filter, having Boston Scientific Catalog Number 50-501 and Lot Number 6407350, left Defendant Boston Scientific's control, it was in a condition that was unsafe, unreasonably dangerous, and defective in that it was defectively manufactured or re-manufactured with inadequate, insufficient, and improper warnings as required by law.

36. Despite the foregoing, the Defendant transferred or sold the Greenfield Filter for implantation into Decedent, either directly or through a supplier (i.e. Genesis Healthcare System), in this defective and unsafe condition and without proper warnings.

37. As a direct and proximate result of the unsafe, unreasonably dangerous or defective condition of the Greenfield Filter, the Plaintiffs suffered injuries, for which the Defendant is strictly liable under Ohio common law and other statutory enactments, in addition to the OPLA.

## COUNT FOUR – NEGLIGENCE

38. Plaintiffs Julia A. Ratliff and Raylyn M. Ratliff incorporate by reference each and every allegation set forth in the above paragraphs in the Complaint as if fully rewritten herein.

39. Defendant owed Decedent a duty of care and breached this duty of care and was thereby negligent in each of the following respects:

  a. by failing to give adequate warnings to purchasers and users of the Greenfield filter, including Decedent, about its use and the risks associated with its use, including, but not limited to, the risk of migration and perforation and the unreasonably dangerous and defective condition of the Filter; and/or

  b. by failing to discover the defects in the Greenfield Filter by not using reasonable care to inspect the Filter prior to it being distributed into the chain of commerce and sold for implantation into patients including into the Decedent, Cinthia Ratliff.

40. As a direct and proximate result of the above-described negligence of the Defendant, Decedent sustained injury and death for which Defendant is liable under Ohio common law and other statutory enactments, in addition to the OPLA.

## COUNT FIVE - GROSS NEGLIGENCE

41. Plaintiffs Julia A. Ratliff and Raylyn M. Ratliff incorporate by reference each and every allegation set forth in the above paragraphs in the Complaint as if fully rewritten herein.

42. Defendant owed Decedent a duty of care, breached this duty of care, and was grossly negligent in their breach of the reasonable and expected standard of care, which requires the imposition of exemplary and/or punitive damages in this matter.

43. The Defendant's misconduct and gross negligence was a flagrant disregard for the safety of person(s) who might be harmed by the product in question, especially in

light of the fact that substantial and debilitating injury and/or death would occur from a breach of the standard of care required in the design, manufacture, and sale of the Greenfield Vena Cava Filter which includes—but is not limited to—safety testing and warnings.

44. Pursuant to Ohio common law and R.C.2307.80, punitive or exemplary damages against the Defendant as a manufacturer or supplier is warranted and should be imposed in order to send a message to the public and prohibit similar conduct by other manufacturers and suppliers of similar medical devices in the future and to protect consumers in the State of Ohio.

### COUNT SIX – WRONGFUL DEATH

45. Plaintiffs Julia A. Ratliff and Raylyn M. Ratliff incorporate by reference each and every allegation set forth in the above paragraphs in the Complaint as if fully rewritten herein.

46. Plaintiffs bring this cause of action pursuant to Ohio Revised Code Section 2125.02 for the benefit of the Decedent's beneficiary, devices, heirs, legatees, and next of kin.

47. As a direct and proximate result of the foregoing acts, inactions, negligence, and/or gross negligence of Defendant, Decedent's next of kin have suffered:

    a. Loss of support from a reasonable expected earning capacity of the Decedent;

    b. Loss of services of the Decedent;

    c. Loss of society of the Decedent including loss of companionship, consortium, care, instruction, assistance, attention, protection, advice, guidance, counsel, training and education;

    d. Loss of prospective inheritance; and

    e. Suffered and will continue to suffer extreme mental anguish as a result of the death of Cinthia Ratliff.

48. As a direct and proximate result of the foregoing acts, inactions, negligence, and/or gross negligence of Defendant, Plaintiffs have incurred expenses for the funeral and burial of Decedent.

49. As a direct and proximate result of the foregoing acts, inactions, negligence, and/or gross negligence of Defendant, Plaintiffs have incurred expenses for the care and treatment of Decedent's injuries.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Julia A. Ratliff and Raylyn M. Ratliff demand judgment against the Defendant in an amount in excess of $75,000.00 for compensatory damages, together with interest, attorney fees, costs of suit, and any other relief this Court deems just and proper, including any exemplary damages for the willful and wanton misconduct and gross negligence of the Defendants pursuant to Ohio common law and R.C 2307.80 of the Ohio Products Act.

## JURY DEMAND

Plaintiffs demand a trial by jury.

      Respectfully submitted,

      /s/ Paul Grieco
      _____
      **PAUL GRIECO (0064729)**
      **LANDSKRONER • GRIECO • MERRIMAN, LLC**
      1360 West 9th Street, Suite 200
      Cleveland, Ohio 44113
      (216) 522-9000 Phone
      (216) 522-9007 Fax
      Paul@lgmlegal.com
      and
      **MICHAEL FLANNERY**
      **CUNEO GILBERT & LADUCA, LLP**
      300 North Tucker Boulevard, Suite 801
      St. Louis, Missouri  63101
      (314) 226-1015
      mflannery@cuneolaw.com
      *Counsel for Plaintiffs*